UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

MICHAEL DAVID HOWER,

        Plaintiff,                Case No. 1:17-cv-502

v.                                      Honorable Janet T. Neff

SCOTT GRAHAM et al.,

        Defendants.
_____/

## **OPINION**

This is a civil action brought by a federal prisoner claiming that his retained counsel, and then appointed counsel, in his federal prosecution defrauded him and deprived him of his constitutional rights. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Michael David Hower is presently incarcerated in the Cumberland Federal Correctional Institution in Cumberland, Maryland. He is serving a sentence of 420 months following his guilty plea, in this Court, to sexual exploitation of a child in violation of 18 U.S.C. §2251 (a) and (c), and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). Petitioner was represented in the federal criminal case first by retained counsel, Defendant Damian Nunzio, who was permitted to withdraw on June 23, 2009, *United States v. Hower*, No. 1:08-cr-84 (W.D. Mich.) (Ord., ECF No. 56), and then by appointed counsel, Defendant Scott Graham.

Plaintiff contends that while he was confined at the Newaygo County Jail and the Kent County Jail pending the federal criminal proceedings and state criminal proceedings, Defendant Nunzio and then Defendant Graham perpetrated a fraud upon Plaintiff, instructed Plaintiff to commit perjury, communicated false "off-the-record" promises from the United States Attorney regarding Plaintiff's sentence, and refused to withdraw Plaintiff's guilty plea. Plaintiff claims that Defendants also failed and refused to provide him copies of the reports prepared regarding his sentence. Plaintiff asks the Court to order Defendants to release the reports relating to his sentence and answer Plaintiff's claims. Plaintiff also asks the Court to order Defendant Nunzio to return his $5,000.00 retainer and to order both Defendants to pay the costs of this action.

**Discussion**

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff does not identify the statutory or common law foundation for his claims. Construed liberally, the complaint alleges that Defendants violated Plaintiff's federal constitutional rights. Such a claim against a state actor would arise under 42 U.S.C. § 1983. Because the alleged violations occurred in the context of a federal prosecution, however, there is no "state actor." Thus the statute does not apply. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 423-25 (1973) ("[A]ctions of the Federal Government and its officers are at least facially exempt from [§ 1983's]

proscriptions."). Where a person alleges that a "federal" actor has violated his or her federal constitutional rights, the claim arises under the doctrine of *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971) (creating a private right of action against individual federal officers alleged to have violated a citizen's constitutional rights); *see also Ayon v. NE Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012) (district court properly construed a federal prisoner's § 1983 complaint under *Bivens*, 403 U.S. 388, when a federal actor allegedly violated the prisoner's federal constitutional rights). The Court will consider Plaintiff's allegations as attempting to state a *Bivens* claim.[1]

In *Bivens*, 403 U.S. 388, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397. Plaintiff's claim falls short with respect to the second element.

I. <u>Defendants are not federal actors</u>

To properly state a *Bivens* claim, Plaintiff must allege that Defendants were acting under color of federal authority. *See Bivens*, 403 U.S. at 397; *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) ("In order to state a cause of action under *Bivens*, the plaintiff must allege facts

---

[1] Construed liberally, the complaint also alleges that Defendants failed to satisfy their professional obligations and defrauded Plaintiff. Accordingly, the Court will consider Plaintiff's allegations as attempting to state a professional malpractice claim and a common-law fraud claim against the Defendants as well.

which show that the individual defendant acted 'under color of federal authority' . . . ."). Plaintiff's suggestion that Defendants acted under federal authority is simply wrong. To the contrary, courts have held that a defense attorney, whether in state court or federal court, is not acting under color of law.

In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the State, does not act under color of state law under 42 U.S.C. § 1983, the statutory counterpart to a *Bivens* claim, when performing the traditional functions of counsel to a criminal defendant in a state proceeding.[2] Similarly, "an attorney is not transformed into a federal official for purposes of a *Bivens* action merely because he is appointed by a federal court pursuant to federal law." *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *see also Bradford v. Shankman*, No. 85-5150, 1985 WL 13659, *1 (6th Cir. Aug. 12, 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (A private attorney does not act under color of state law despite the fact he has been appointed by the court). Plaintiff has, therefore, failed to state a *Bivens* claim against Defendants, his retained and appointed counsel.

II.  Plaintiff's claims are barred by *Heck v. Humphrey*

Plaintiff claims that Defendants violated his Sixth Amendment right to the effective assistance of counsel. If Plaintiff were to prevail on his claim, it would call into question his conviction and sentence. For that reason, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477,

---

[2] If an attorney appointed, paid, and supervised by the government is not a government actor, *a fortiori*, retained counsel is not a government actor. *See, e.g., United States v. Friedman*, No. 92-3916, 1993 WL 386797, *4 (6th Cir. Sep. 30, 1993); *James v. Mann*, No. 99-2701, 2000 WL 1679505, *2 (6th Cir. Oct. 30, 2000).

486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).

In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). The Sixth Circuit has recognized that the *Heck* bar applies to *Bivens* claims and §1983 claims equally. *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998). It applies to bar Plaintiff's *Bivens* claim here.

III.  Plaintiff's claims are untimely

State statutes of limitations and tolling principles apply to determine the timeliness of federal constitutional claims asserted under 42 U.S.C. § 1983 and under *Bivens*, 403 U.S. 388. *See Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10) (setting the statute of limitations for "for all actions to recover damages for the death of a person, or for injury to a person

or property" not otherwise specified in a separate provision); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[3] In addition, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. See MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. See *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991).

Plaintiff's complaint is untimely. He asserts claims arising no later than 2009. However, he did not file his complaint until on or about May 30, 2017, the date he signed the complaint, well past the three-year limit for claims under *Bivens*, 403 U.S. 388.

Moreover, any of Plaintiff's claims under Michigan law would also be time-barred, as all of Plaintiff's claims fall under the previously described three-year period of limitations for general torts, MICH. COMP. LAWS § 600.5805(10); the two-year period of limitations for actions alleging malpractice, MICH. COMP. LAWS § 600.5805(6); or the six-year period of limitations for

---

[3]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382. Claims under the *Bivens* doctrine were, likewise, not "made possible" by the amended statute.

other personal actions, MICH. COMP. LAWS § 600-5813. "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Because all of his claims are time-barred, Plaintiff's action is properly dismissed for failure to state a claim.[4]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  June 22, 2017           /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge

---

[4]Even if Plaintiff's state-law claims were timely, the Court would decline to exercise supplemental jurisdiction over them and they would be dismissed. Section 1983 (and, by extension, the *Bivens* doctrine) does not provide redress for violations of state law. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To review any state-law claims, this Court must exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of North Olmsted*, 927 F.2d 909, 917 (6th Cir.1991); *see also* 28 U.S.C. § 1367(c)(3).